372 A.2d 7

COMMONWEALTH of Pennsylvania, Appellant,

v.

Roy PATTERSON.

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided March 31, 1977.

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for appellant.

Donald C. Marino, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On February 7, 1974, at approximately 2:30 A.M., a young lady, the prosecutrix in the case before us, left her apartment on South 47th Street in Philadelphia and walked to a store located at the corner of 49th Street and Chester Avenue. On the way back to her apartment, the prosecutrix was accosted by a man with an ice pick, taken into a garage in a nearby alleyway, and there raped and robbed. Two weeks later, the prosecutrix was at a police station when she spotted appellee Roy Patterson talking to a police officer. The prosecutrix immediately identified appellee as the man who had raped her. Appellee was charged with robbery, assault, and rape, was tried by a judge and jury, and on March 12, 1975 was found guilty as charged. Post-trial motions were filed and the lower court after hearing argument granted appellee's motion for a new trial. The case is before us on the Commonwealth's appeal from the Order of July 10, 1975 granting a new trial. The sole issue before us is whether the lower court abused its discretion in finding that testimony of a witness that she had been raped by appellee on February 12, 1974 (five days after the prosecutrix in the case before us had been raped) had improperly been admitted into evidence.

It is clear that, except under certain circumstances, in Pennsylvania evidence which discloses the commission of another crime cannot be introduced against a defendant who is being tried for a separate and distinct crime. *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971). The reason for this, of course, is that a person must not be found guilty of one crime merely because he is known to have committed other crimes. Evidence of other crimes is admissible, however, when it tends to prove: (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan, or design, or (5) the identity of the person who

committed the crime. *Commonwealth v. Peterson*, 453 Pa. 187, 197, 307 A.2d 264 (1973). In the case before us, the prosecutrix was accosted at approximately the same time of night as the other rape victim, the two crimes were only five days apart and occurred in the same two-block area, and the attacker of both women wore sunglasses even though it was nighttime. The prosecutrix was taken into a garage in an alley; the other victim was being taken into an alley at gunpoint when she managed to talk her assailant into taking her indoors. The only appreciable difference between the two crimes was that the prosecutrix was threatened with an ice pick and the second victim was threatened with a gun. Both victims had ample opportunity to observe their assailants, and both positively identified appellee. As was noted in *Commonwealth v. Fortune*, 464 Pa. 367, 373, 346 A.2d 783 (1975) and *Commonwealth v. Wable*, 382 Pa. 80, 84, 114 A.2d 334 (1955), evidence of other crimes will be admissible when there is such a logical connection between the crimes that proof that the accused committed the other crime or crimes will naturally tend to show that the accused was the person who committed the crime for which he was currently being tried. We find in the case before us the requisite "logical connection" between the two crimes, and we hold that the testimony of the second witness was properly admitted for the purpose of proving the identity of the man who raped the prosecutrix. We therefore hold that the lower court abused its discretion in granting appellee's post trial motions and ordering a new trial.

Reversed and remanded for consideration of appellee's remaining post trial motions.

HOFFMAN, J., files a dissenting opinion, in which JACOBS and SPAETH, JJ., join.

HOFFMAN, Judge (dissenting):

I dissent because I believe that the lower court did not abuse its discretion in granting a new trial.

On March 7, 1975, appellee was tried before a jury in the Court of Common Pleas of Philadelphia County on charges of rape,[1] robbery,[2] and aggravated assault.[3] The prosecutrix, a slight, young woman, testified to the following version of events: At 2:30 a. m., on February 7, 1974, she left her apartment at 1103 S. 47th Street in Philadelphia to walk to a grocery store at 49th Street and Chester Avenue. At the intersection of 48th Street and Chester Avenue, she saw appellee. Appellee attempted to talk to her, but she ignored him. Appellee followed the prosecutrix to the store which was closed. When she started to walk back to her apartment, appellee continued to follow her. He asked her if he could go home with her and she refused. As she approached 47th Street and Chester Avenue, appellee grabbed her. With one hand he covered her mouth; with the other hand he held an ice pick to her throat. Appellee took her down an alley and into an empty garage where he raped her. He then choked her until she blacked out and stole five dollars from her. The prosecutrix testified that appellee, a black, wore sunglasses during the above events. Two weeks after the rape, she identified appellee, again wearing sunglasses, in the corridors of a police station. She also identified appellee at trial.

The Commonwealth, over strenuous objection, also presented the testimony of another rape victim. The trial court characterized this witness as "a plain, distraught middle-aged woman." She testified that appellee accosted her at 2:30 a. m., on February 12, 1974, as she attempted to enter her apartment building at 4701 Chester Avenue in Philadelphia. Her attacker, a black male, wearing sunglasses, pulled a gun from his pocket, pressed it against her chest, and took her to his apartment where he raped her.

1.  The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3121.

2.  The Crimes Code, supra; 18 Pa.C.S. § 3701.

3.  The Crimes Code, supra; 18 Pa.C.S. § 2702.

Appellee subsequently pleaded guilty to this rape. At trial, this second rape victim identified appellee as her attacker.

On March 12, 1975, the jury found appellee guilty of all the offenses charged. On July 10, 1975, the lower court granted appellee a new trial because it believed that the testimony of the second rape victim had been improperly admitted and was unduly prejudicial. The Commonwealth appealed that ruling.

In *Commonwealth v. Bradley*, 243 Pa.Super. 208, 212, 364 A.2d 944, 945 (Filed 9/27/76), our Court recently reiterated the rule against introduction of evidence of other crimes allegedly perpetrated by a defendant: "One of our most fundamental and prized principles in the administration of criminal law is that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime. This is because the fact that a person has committed one offense is not proof that he has committed another and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against the defendant. *Commonwealth v. Burdell*, 380 Pa. 43, 47, 110 A.2d 193, 195 (1955). See also *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973); *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955); *See, generally, McCormick on Evidence*, § 190 at 447–454 (Cleary Ed. 1972). However, "sometimes there exist . . . 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well-established principle that evidence of other crimes *is* admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or establish the identity of the person charged with the commission of the crime on trial,—in other words where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783, 786 (1875); *Commonwealth*

v. *Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955).[4]

In *Commonwealth v. Fortune*, supra, a jury convicted the defendant of robbery and murder. The Commonwealth presented a witness who testified that he and the defendant had participated in six other robberies within a one block radius during a time period extending from one month before the occurrence of the robbery for which defendant was tried until one month after the date of the crime charged. The Supreme Court held that evidence of these other robberies should not have been admitted because there was not the necessary logical connection between the crime charged and the other crimes to which the witness adverted. In particular, the Court noted that the victim of the crime charged was older and bigger than the "little boys" who were the victims of the other robberies and that different weapons were employed in the crimes that defendant allegedly committed. Furthermore, the times and dates of the other crimes did not appear on the record. "Finally, there was nothing distinctive in these crimes which would separate them from other street crimes and lock them together into a chain." *Commonwealth v. Fortune*, supra, 464 Pa. at

4. In some cases, Pennsylvania courts have stated that special circumstances exist when the evidence of other crimes "tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial" *Commonwealth v. Peterson*, 453 Pa. 187, 197, 307 A.2d 264, 269 (1973); *Commonwealth v. Bradley*, supra. In *McCormick on Evidence*, supra at 448–451, the commentator states that the need to prove identity alone is usually not sufficient to permit the introduction into evidence of other crimes. Instead, evidence of other crimes establishing a defendant's identity is generally admitted when it is interrelated with one of the other exceptions specified above. The exceptions most frequently resorted to for this purpose are motive, a common scheme or plan, and an identical *modus operandi*. *Commonwealth v. Fortune*, supra, and *Commonwealth v. Wable*, supra, indicate that our Supreme Court has treated the identity exception as dependent upon the Commonwealth's ability to show a common scheme or plan or an identical *modus operandi*.

374, 346 A.2d at 787. The Court granted the defendant a new trial.

I believe that *Commonwealth v. Fortune,* supra, is persuasive support for the lower court's determination that the evidence of the second rape should not have been admitted to show appellee's identity as the man who raped the prosecutrix on February 7, 1974. As in *Commonwealth v. Fortune,* there was not the necessary connection between the crime charged, the February 7 rape, and the second February 12 rape. In both cases, a black man wearing sunglasses raped a woman in the same neighborhood at the same time of night. However, according to the lower court, "the victims were of totally different ages and sexual attractiveness, one was raped in a garage, one in a room, one was robbed, one was not, one assailant menaced the victim with an ice pick and one with a gun." In short, the rapes were not committed under circumstances sufficiently similar to constitute a common scheme or *modus operandi* identifying appellee as the February 7th rapist.[5] As in *Commonwealth v. Fortune,* there was nothing distinctive in these crimes to separate them from other street crimes and to link them together in a chain.

Even assuming *arguendo* that evidence of the second rape could be admitted to show appellee's identity, the lower court still acted properly in granting a new trial. In *McCormick on Evidence,* supra, at 453, the commentator criticizes trial and appellate judges who proceed on the assumption that the admission of evidence of "other crimes" turns solely upon the ascertainment and application of a mechanical rule. "If the situation fits one of the classes wherein the evidence has been recognized as having independent relevancy, then the evidence is received, otherwise not." By narrowly focusing on the application of a mechanical rule, judges may "lose sight of the underlying policy of protecting the accused

5. To prove a similar *modus operandi* "much more is demanded than the repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature." *McCormick on Evidence,* supra, at 449. Cf. *Commonwealth v. Wable,* supra.

against unfair prejudice." Id. See *Commonwealth v. Bradley,* supra. The commentator rejects this "pigeonholing" approach and recommends that courts should balance the "actual need for the other-crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes evidence in supporting the issue, and, . . ., the degree to which the jury will probably be roused by the evidence to overmastering hostility." supra at 453. See also *Commonwealth v. Bradley,* supra.

I realize that Pennsylvania case law has firmly entrenched the traditional "other-crimes" rule and exceptions. See *Commonwealth v. Terry,* 462 Pa. 595, 342 A.2d 92 (1975); *Commonwealth v. Fortune,* supra. However, I believe that a trial court should apply the traditional test as a first level of inquiry. Even if one of the traditional exceptions is applicable, the trial court should still exclude the evidence of other offenses if its probative value is outweighed by the danger that the evidence adduced may unduly arouse the jury's emotions of prejudice, hostility, and sympathy. This second level of inquiry is necessary to insure that the accused is not convicted because he is a bad person who committed a different crime than the one charged.

In the instant case, the lower court in its opinion stated that the testimony of the second victim carried far more persuasive weight than the testimony of the first witness; in effect, the case "degenerated" into a consideration of appellee's participation in the second rape. The trial court considered the probative value of the proffered "other-crimes" evidence and observed its inflammatory impact upon the jury; we should not upset its carefully balanced conclusion that the evidence of the second rape was unduly prejudicial. *Commonwealth v. Bradley,* supra.[6]

---

**6.** I note that the prosecutrix positively identified appellee two weeks after the first rape and at trial. The Commonwealth does not need

Finally, I do not believe that the lower court abused its discretion in granting a new trial. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). In the case at bar, the lower court did not misapply the law or exercise its judgment in a manifestly unreasonable or biased manner. Accordingly, I would affirm the order of the lower court granting a new trial.

JACOBS and SPAETH, JJ., join in this dissenting opinion.

the testimony of the second victim in order to establish that appellee raped the prosecutrix.