468 A.2d 799

**COMMONWEALTH of Pennsylvania**

v.

**Joseph B. SAMPLE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed Nov. 18, 1983.

Petition for Allowance of Appeal Denied Feb. 23, 1984.

460

David Lionel Pollack, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

ROWLEY, Judge:

This is a direct appeal from judgments of sentence imposing fifteen to thirty years imprisonment, following a trial by jury wherein appellant was convicted of voluntary manslaughter, robbery, and possession of an instrument of crime. On appeal, appellant challenges the admissibility of an extra-judicial, pre-arrest identification and a subsequent in-court identification. Appellant further claims that the

verdict was contrary to the weight and sufficiency of the evidence.

This is the second time appellant's case has been before our Court. At a prior jury trial, appellant was found guilty of second degree murder, robbery, criminal conspiracy and three weapons offenses. On appeal, this Court determined that (1) the evidence was insufficient to support the convictions on two weapons violations and (2) trial counsel was ineffective for failing to preserve for appellate review claims of prosecutorial misconduct that constituted reversible error. Thus, the judgments of sentence were reversed and a new trial was granted. *Commonwealth v. Sample,* 270 Pa.Super. 47, 410 A.2d 889 (1979).[1] The facts underlying the charges are set forth in the Court's previous opinion, *Id.,* 270 Pa.Superior Ct. at 50–51, 410 A.2d at 891, and need not be repeated here.

Appellant's principal contention on appeal is that the pre-arrest, in-hospital identification process, by which the victim's wife identified him as the gunman, was unduly suggestive and unnecessary and, thus, violative of his constitutional due process rights. He claims that the suppression hearing judge, prior to the first trial, erred in refusing to suppress evidence of the in-hospital identification and, consequently, he was prejudiced by the introduction of that identification evidence at his second trial. Appellant's argument is without merit. The suppression court correctly concluded that the pre-arrest identification procedure in this case was not constitutionally defective.

In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Commonwealth v. Sutton,* 496 Pa. 91, 436 A.2d 167 (1981). Suggestiveness in the identification process is a

---

**1.** Appellant's pre-trial motion to dismiss on double jeopardy grounds was denied and the Pennsylvania Supreme Court affirmed the denial on appeal. *Commonwealth v. Sample,* 493 Pa. 347, 426 A.2d 582 (1981).

factor to be considered in determining the admissibility of such evidence, but "[s]uggestiveness alone does not warrant exclusion." *Commonwealth v. Ransome*, 485 Pa. 490, 495, 402 A.2d 1379, 1382 (1979); *Commonwealth v. Johnson*, 301 Pa.Super. 13, 15, 446 A.2d 1311, 1312 (1982). A pre-trial identification will not be suppressed as violative of due process rights unless the facts demonstrate that the identification procedure was so infected by suggestiveness "as to give rise to a substantial likelihood of irreparable misidentification." *Simmons v. U.S.*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968); *Commonwealth v. Turner*, 454 Pa. 520, 523, 314 A.2d 496, 498 (1974); *Commonwealth v. Linder*, 284 Pa.Super. 327, 337, 425 A.2d 1126, 1131 (1981). Reliability is the linchpin in assessing the admissibility of a challenged identification. *Manson v. Brathwaite, supra.* Our court recently enunciated the controlling test as follows:

> The question for the suppression court is whether the challenged identification has sufficient indicia of reliability to warrant admission even though the confrontation procedure may have been suggestive. *Manson v. Brathwaite, supra.* The following factors are to be taken into consideration:
>
>> ... the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Commonwealth v. Thompkins*, 311 Pa.Super. 357, 363, 457 A.2d 925, 928 (1983), quoting *Manson v. Brathwaite, supra*, 432 U.S. at 114, 97 S.Ct. at 2253, 53 L.Ed.2d at 154. The opportunity of the witness to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis. *Commonwealth v. Spiegel*, 311 Pa.Super. 135, 145, 457 A.2d 531, 536 (1983).

▮▮▮▮ In this case the testimony at the suppression hearing revealed that during the commission of the crimes, the

victim's wife was face-to-face with the gunman in a small well-lit room for about fifteen minutes. She paid particular attention to him because he threatened her child and held a gun to the child's head. While she was at the hospital with her husband, she described the assailant to the detective investigating the incident. The detective then took her to view the appellant, who was also being treated at the hospital. The detective did not pressure her to identify the appellant and her identification was unequivocal. Moreover, the likelihood of misidentification is minimal, if not non-existent in this case, since appellant admitted he was at the victim's home to buy marijuana when the incident occurred. While the identification was not "on-the-scene", the length of time between the crime and the confrontation at the hospital was slightly less than one hour. There is no reason to assume that a hospital environment is inherently conducive to misidentification. *Commonwealth v. Williams*, 271 Pa.Super. 114, 118, 412 A.2d 601 (1979); *Commonwealth v. Aaron*, 255 Pa.Super. 289, 298, 386 A.2d 1006, 1010 (1978). Clearly, the circumstances surrounding the identification herein illustrate sufficient indicia of reliability which outweigh any suggestiveness in the confrontation procedure. Under the totality of the circumstances disclosed by the record before us, the trial court did not err in refusing to suppress evidence of the pre-arrest identification and, thus, appellant's constitutional rights were not violated by the admission at trial of such evidence.

■ Appellant further argues that the witness' in-court identification of him was tainted by the alleged unduly suggestive pre-trial identification and, therefore, it was also inadmissible. Because we have determined that the pre-trial identification was not impermissibly suggestive and that it was properly admitted into evidence, it follows that the subsequent in-court identification was untainted and likewise admissible. *Commonwealth v. Wheeler*, 498 Pa. 374, 446 A.2d 892 (1982); *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979).

■ Appellant also argues that he was entitled to relitigate the identification question prior to his second trial.

464

We disagree. Appellant's pre-trial motion to suppress the identification evidence was denied prior to his first trial. Upon grant of a new trial, appellant again filed a motion to suppress the same evidence. The trial court, however, refused to hear the motion because the issue had been litigated prior to the first trial.

Pennsylvania Rule of Criminal Procedure 323(j), regarding suppression procedure provides, in part: "[i]f the court determines that the evidence shall not be suppressed, such determination shall be final, conclusive and binding at trial, except upon a showing of evidence which was theretofore unavailable ..." In *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976), our Supreme Court indicated that once a pre-trial motion to suppress evidence has been litigated, the criminal defendant is not entitled to a second suppression hearing on the same issue prior to a new trial on the merits. *Harmon* involved "the right of appeal for trial de novo" from Philadelphia Municipal Court to the Court of Common Pleas. A local court rule provided that suppression motions decided prior to Municipal Court trial could not be reinstated as part of an appeal by right to the Court of Common Pleas. The Supreme Court held that the absolute right of appeal for trial de novo was not intended to embrace the right to relitigate pre-trial motions decided prior to the first trial. The Court determined that the word "trial" did not include pre-trial motions to suppress evidence and that relitigation of suppression issues served no useful purpose. *Id.*, 469 Pa. at 497, 366 A.2d at 898.[2] In the instant case, appellant had an opportunity to present his suppression claim prior to his first trial. Upon reversal of his conviction and grant of a new trial, appellant was not entitled to a second suppression hearing on the same issue and evidence. The trial court did not err in denying reconsideration of appellant's motion to suppress the identifica-

**2.** Appellant relies on *Commonwealth v. White*, 228 Pa.Super. 23, 324 A.2d 469 (1974) in support of his contention that a defendant has a right to relitigate the suppression issue. *White*, however, was effectively overruled by *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976). *See Commonwealth v. Middleton*, 260 Pa.Super. 571, 575 n. 1, 394 A.2d 1293, 1295 n. 1 (1978).

tion evidence. *See Commonwealth v. Middleton,* 260 Pa. Super. 571, 394 A.2d 1293 (1978) (when first trial resulted in mistrial, the defendant was not entitled to reconsideration of a previously litigated motion to suppress identification at second trial); *see also Commonwealth v. Branch,* 292 Pa.Super. 425, 431 n. 5, 437 A.2d 748, 751 n. 5 (1981). We note that in accordance with Pa.R.Crim.P. 323(j), a second suppression hearing may be necessary in such cases where new evidence, previously unavailable, is presented for consideration. There is no claim made here that previously unavailable evidence would have been presented at a new suppression hearing. Thus, a second hearing was not required.

Finally, appellant argues that the verdict was contrary to both the weight and the sufficiency of the evidence. Our review of the record in this case shows that neither claim has merit.

Whether the verdict is contrary to the *weight* of the evidence, thereby requiring a new trial, is generally a question within the sound discretion of the trial court. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972); *Commonwealth v. Larew,* 289 Pa.Super. 34, 432 A.2d 1037 (1981). If the jury's findings are supported by the record, the trial court's denial of a motion for new trial will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Yohn,* 271 Pa.Super. 537, 414 A.2d 383 (1979). The test is not whether the reviewing court would have decided the case the same way the fact finder did but whether the verdict is so contrary to the evidence as to make the award of a new trial *imperative* so that right may be given another opportunity to prevail. *Commonwealth v. Holmes,* 315 Pa.Super. 256, 271, 461 A.2d 1268, 1275 (1983) (Wieand, J., concurring and dissenting). We find no abuse of discretion in the trial court's denial of the motion for new trial on this ground.

In evaluating the *sufficiency* of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth, the jury could reasonably have found all of the elements of the crime beyond

a reasonable doubt. *Commonwealth v. Robson,* 461 Pa. 615, 625, 337 A.2d 573, 578 (1975), *cert. denied,* 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265 (1975). The effect of a motion in arrest of judgment is to admit all the facts which the Commonwealth's evidence tends to prove. *Commonwealth v. Holmes, supra,* 315 Pa.Superior Ct. at 271, 461 A.2d at 1275. Appellant's main argument is that there were contradictions in the testimony of the Commonwealth's main witness, and that appellant's witnesses were more credible than the victim's widow. In this case, the jury chose to believe the testimony of the victim's wife, and we will not disturb their evaluation of the credibility of the witnesses. It is within the sole province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Davis,* 466 Pa. 102, 113, 351 A.2d 642, 647 (1976); *Commonwealth v. Rose,* 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). The mere fact that there are some inconsistencies in a witness' testimony is not alone sufficient to destroy the Commonwealth's case or render the evidence insufficient. *Commonwealth v. Williams,* 290 Pa.Super. 209, 434 A.2d 717 (1981).

Judgment of sentence affirmed.