471 A.2d 1228

**COMMONWEALTH of Pennsylvania**

v.

**Robert TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued June 2, 1983.

Filed Jan. 20, 1984.

422

Stuart Wilder, Assistant Public Defender, Doylestown, for appellant.

William F. Merz, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

At or about 5:15 p.m. on Sunday, August 17, 1980, Robert Taylor entered his automobile in Philadelphia and drove to Ocean City, New Jersey to visit a friend. His thirteen year old daughter, Joyce, and her twelve year old friend, Carlin Pedano, went with him. Unable to find Taylor's friend, the trio remained on the boardwalk until approximately 10:15 p.m., when they started home. Taylor drank several cans of beer in the car, became tired and lost his way. He crossed the Burlington-Bristol Bridge into Bucks County. He stopped once for beer. He was tired and felt he would fall asleep. Twice he narrowly avoided accidents. Therefore, he rented a motel room where he intended to spend the night. Within the confines of the motel room, according to the Commonwealth's evidence, he made sexual advances to the young girls. He allegedly choked them, threw them upon the bed, grabbed at their private parts and wrapped his legs around one and then the other. In pushing Carlin Pedano to the bed, he allegedly caused her to fall and strike her head. She sustained a swollen lip. He exhibited his genitalia and removed from his pocket a pack of condoms, telling his daughter that he could prevent her pregnancy by using one. Taylor ultimately fell asleep on the bed. The following morning, he took the girls home, threatening to

kill them if they told anyone about the events which had occurred in the motel room on the night before.

A jury acquitted Taylor of simple and indecent assault, indecent exposure, open lewdness and false imprisonment. However, Taylor was found guilty of endangering the welfare of children in violation of Section 4304 of the Crimes Code, 18 Pa.C.S. § 4304. Post-trial motions were denied, and a sentence of probation was imposed. Taylor appealed.

■ He argues that the evidence was insufficient to sustain the conviction. In his brief, however, he states the issue to be whether the verdict was against the weight of the evidence. These are discrete inquiries. The proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion in arrest of judgment. *Commonwealth v. Holmes*, 315 Pa.Super. 256, 260, 461 A.2d 1268, 1270 (1983). In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983); *Commonwealth v. Shaver*, 501 Pa. 167, 169, 460 A.2d 742, 743 (1983); *Commonwealth v. Sample*, 321 Pa.Super. 457, 461–462, 468 A.2d 799, 801 (1983); *Commonwealth v. Curry*, 318 Pa.Super. 490, 494, 465 A.2d 660, 662 (1983). The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact; the fact finder is free to believe all, some, or none of the evidence. *Commonwealth v. Smith*, 502 Pa. 600, 604, 467 A.2d 1120, 1122 (1983); *Commonwealth v. Nelson*, 320 Pa.Super. 488, 491, 467 A.2d 638, 640 (1983); *Commonwealth v. Ruffin*, 317 Pa.Super. 126, 132, 463 A.2d 1117, 1120 (1983); *Commonwealth v. Owens*, 315 Pa.Super. 400, 404, 462 A.2d 255, 257 (1983); *Commonwealth v. Nunez*, 312 Pa.Super. 584, 586, 459 A.2d 376, 376–377 (1983).

A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Ruffin, supra*, 317 Pa.Superior Ct. at 133, 463 A.2d at 1120; *Commonwealth v. Brown*, 314 Pa.Super. 311, 322, 460 A.2d 1155, 1161 (1983); *Commonwealth v. Starks*, 298 Pa.Super. 213, 216, 444 A.2d 736, 738 (1982). The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail. *Commonwealth v. Sample, supra*, 321 Pa.Superior Ct. at 465, 468 A.2d at 802; *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). See: *Commonwealth v. Jensch*, 322 Pa.Super. 304, 315, 469 A.2d 632, 638 (1983).

Although appellant confuses the separate inquiries, the record is clear that he is entitled to relief on neither. The crime of endangering children derives from § 230.4 of the Model Penal Code (1962) and is defined at 18 Pa.C.S. § 4304 as follows:

"A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

"This section consolidates and simplifies the various provisions concerning crimes endangering the welfare of children. The offense involves the endangering of the physical or moral welfare of a child by an act or omission in violation of a legal duty...." Toll, Pennsylvania Crimes Annotated

§ 4304. Its purpose is protective. "The objective is to confine criminal punishment for endangering the welfare of children to consequential acts violative of some settled obligation springing from the supervisory relationship of actor to child." Model Penal Code § 230.4 comment (Official Draft and Revised Comments 1980). Statutory culpability

"reaches one who knowingly endangers the welfare of a child by violating a duty of care, protection, or support. This prohibition, punished by misdemeanor sanctions, includes a wide range of adult behavior that may have an adverse effect on the welfare of children, but is circumscribed by the requirements that a duty of care, protection, or support must exist in law, that the actor must knowingly endanger the welfare of the child by violation of that duty, and that the actor must be a parent, guardian, or other person supervising the welfare of the child.... The duty need not be stated in the penal code but may arise from contractual obligation, from settled principles of tort or family law, or from other legal sources."

*Id.* See: Model Penal Code § 207.13 comment (Tent.Draft No. 9, 1959).[1]

█ The Supreme Court has said that Section 4304 was drawn broadly to cover a wide range of conduct in order to safeguard the welfare and security of children. It is to be given meaning by reference to the common sense of the community and the broad protective purposes for which it was enacted. *Commonwealth v. Mack,* 467 Pa. 613, 618, 359 A.2d 770, 772 (1976). Thus, the "common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate

1. Section 207.13 of the Model Penal Code (Tent. Draft No. 9, 1959) specifically referred to the endangerment of a child's "physical or moral" welfare. A subsequent suggestion to add "mental" to the description "prompted deletion of all qualifying adjectives as an economical way to achieve comprehensive coverage." Model Penal Code § 230.4 comment (Official Draft and Revised Comments 1980).

what particular conduct is rendered criminal by it." *Id.*, quoting *Commonwealth v. Marlin*, 452 Pa. 380, 387, 305 A.2d 14, 18 (1973) and *Commonwealth v. Randall*, 183 Pa.Super. 603, 611, 133 A.2d 276, 280 (1957).

In *Commonwealth v. Morrison*, 265 Pa.Super. 363, 401 A.2d 1348 (1979), a violation of this section was founded upon a failure by parents to take a child to a doctor for a two month period while burns on the child's penis did not heal and it began to swell and became infected, and where the lack of treatment rendered loss of the organ a possibility. In *Commonwealth v. Humphreys*, 267 Pa.Super. 318, 406 A.2d 1060 (1979), a battered child was found lying dead on the floor of an unlighted and uncarpeted, locked bedroom whose only window had been nailed shut. The boy, according to the evidence, had become ill, but his mother had refused to take him to a hospital for fear that the welfare agency would discover the boy's bruises and take him away from her because of the repeated beatings inflicted upon him. In both of these cases the evidence was held sufficient to sustain convictions for violating Section 4304.

In *Commonwealth v. Moore*, 261 Pa.Super. 92, 395 A.2d 1328 (1978), a conviction for endangering the welfare of a child was obtained on evidence that a 265 pound father had beaten a seven year old child with a paddle stick until the child fell to the floor and could not stand. In *Commonwealth v. Brown*, 273 Pa.Super. 22, 416 A.2d 1069 (1979), a violation was found from a single incident in which a father severely beat his son. In both of these cases, sufficiency of the evidence to sustain the conviction was assumed; in neither case was the issue raised on appeal to this Court.

In *Commonwealth v. Grassmyer*, 266 Pa.Super. 11, 402 A.2d 1052 (1979), the charges grew out of an attack on a five year old girl left in defendant's custody. The Court held that endangering the welfare of a child was a specific intent crime. In its opinion, the court clearly implied that a violation could be based upon a single act committed during temporary custody of a child.

■ Appellant has cited no case, and our own research discloses none, in which conduct was proved that was similar to that attributed to appellant in the instant case. Nevertheless, the "sense of decency, propriety and the morality which most people entertain" enables us to hold that the evidence was sufficient to permit a jury to find appellant's conduct culpable. He violated a duty owed to the children in his custody and thereby endangered their physical and moral welfare.

Taylor argues, however, that his acquittal by the jury on charges of assault and sexual offenses was a rejection of the childrens' testimony regarding events allegedly occurring in the motel room. He contends that his conviction for endangering the childrens' welfare should also be set aside. It is well settled in Pennsylvania that "a fact finder may render inconsistent verdicts." *Commonwealth v. Mathis*, 317 Pa.Super. 362, 369, 464 A.2d 362, 366 (1983). See: *Commonwealth v. Gravely*, 486 Pa. 194, 205, 404 A.2d 1296, 1301 (1979) (plurality opinion); *Commonwealth v. Celane*, 311 Pa.Super. 93, 100, 457 A.2d 509, 513 (1982); *Commonwealth v. Glasco*, 298 Pa.Super. 189, 192, 444 A.2d 724, 725 (1982). "A jury's verdict in a criminal case will not be set aside merely because it appears to be inconsistent with another verdict of the jurors. So long as the challenged verdict is supported by the evidence, we will not on review delve into the thought process of the jury." *Commonwealth v. Graves*, 310 Pa.Super. 184, 198, 456 A.2d 561, 568 (1983) (citations omitted). As we have attempted to show, the jury's verdict was supported by the evidence; and, therefore, it will not be disturbed on insufficiency grounds.

Appellant is entitled to a new trial, however, because the trial court, in response to an inquiry by the jury, altered the thrust of the prosecution and permitted a conviction based on a theory of criminal liability which had neither been alleged by the Commonwealth nor substantiated by proof. The criminal complaints signed by the arresting police officer alleged with specificity the acts committed by appellant.

Those acts occurred, according to the complaint, between the hours of 0024 and 1000 on August 18, 1980 in Room # 136 of the Penn Motel, Lincoln Highway and Street Road in Bensalem Township. The complaint was drafted in compliance with the provisions of Pa.R.Crim.P. 132(5) and (6) which mandate that a criminal complaint allege "the place where the offense is alleged to have been committed" and include "a summary of the facts sufficient to advise the defendant of the nature of the offense charged." The complaint in the instant case did not aver expressly or by implication that appellant had been guilty of acts committed outside the motel room. Specifically, it did not contain averments of any criminal activity committed prior to registration at the motel or while appellant was driving a motor vehicle on the roads of Bucks County.

 A crime formally charged in an information, although it need not be precisely the same as the offense stated in the complaint, must nevertheless be "substantially the same as or cognate to the offense charged in the complaint." Pa.R.Crim.P. 225(b)(5). A defendant cannot be required to answer a charge different from or unrelated to the one for which he was arrested and held to bail. *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 497, 420 A.2d 647, 650–651 (1980), quoting *Commonwealth v. Musto*, 348 Pa. 300, 302–303, 35 A.2d 307, 309 (1944). See and compare: *Commonwealth v. El*, 273 Pa.Super. 1, 8, 416 A.2d 1058, 1062 (1979); *Commonwealth v. Epps*, 260 Pa.Super. 57, 60, 393 A.2d 1010, 1011 (1978); *Commonwealth v. Bruno*, 203 Pa.Super. 541, 548, 201 A.2d 434, 437 (1964), *cert. denied*, 379 U.S. 965, 85 S.Ct. 656, 13 L.Ed.2d 558 (1965); *Commonwealth v. Gross*, 161 Pa.Super. 613, 621, 56 A.2d 303, 307 (1948). The information must contain a plain and concise statement of the essential elements of the offense. See generally: *Commonwealth v. McIlwain School Bus Lines, Inc.*, 283 Pa.Super. 1, 423 A.2d 413 (1980); *Commonwealth v. Wilkinson, supra; Commonwealth v. Davenport*, 255 Pa.Super. 131, 386 A.2d 543 (1978); *Commonwealth v. Jackson*, 248 Pa.Super. 420, 375 A.2d 168 (1977); *Common-*

*wealth v. Wolfe,* 220 Pa.Super. 415, 289 A.2d 153 (1972); *Harger v. Commonwealth, Dept. of Transportation,* 17 Pa.Cmwlth. 142, 330 A.2d 883 (1975).

■ The information in the instant case alleged no facts. It did no more than charge, in the language of the statute, that appellant had endangered the welfare of children. At trial, however, the Commonwealth proceeded in faithful consistency with the charges contained in the complaint. The Commonwealth's proof was directed to the events which had allegedly occurred in Room 136 of the Penn Motel. The Commonwealth did not attempt to prove that appellant had been intoxicated while driving his motor vehicle or that he had operated his vehicle in a way that was reckless or even negligent. The evidence presented by the defense was directed also to the factual averments contained in the complaint. Appellant's evidence contradicted the evidence of the Commonwealth as to the occurrences in the motel room. Appellant testified that he had beer to drink, had become tired and sleepy and had decided to get a room for the night. Although appellant conceded that he had become sleepy, there was no evidence that he was intoxicated or that he had violated any duty to the children while driving which endangered their welfare. The case was initially submitted to the jury without any suggestion by the trial court that the factual issues for the jury to decide included events other than those alleged to have occurred in the motel room.

After jury deliberations had commenced, the jury returned with three questions pertaining to the charge of endangering the welfare of children. One of them was phrased as follows: "In this case, must *Endangerment* be applied only to the 'motel location' or can it apply to other locations in Bucks County where the defendant [sic] allegedly was—example—Rt. 413—Rt. 1 [locations of near accident in Bucks County and bar where Taylor stopped]." Over a defense objection, the court instructed the jury that it was entitled to consider "all the evidence of any conduct which occurred in this jurisdiction."

This instruction was erroneous. It permitted the jury to convict appellant on the basis of conduct which had not previously been included in the accusation against him. The information, to be sure, had charged appellant generally with endangering the welfare of children. The complaint, however, had been specific. The conduct complained of had occurred in the motel room, and that is what the Commonwealth attempted to prove. To permit the jury during its deliberations to change its focus and base a possible conviction on the manner in which appellant had driven his car before arriving at the motel was erroneous and unfair. See and compare: *Commonwealth v. Schomaker,* 293 Pa.Super. 78, 437 A.2d 999 (1981), *rev'd on other grounds,* 501 Pa. 404, 461 A.2d 1220 (1983) (where indictment seeks conviction upon a theory of intentional criminal conduct, the Commonwealth must confine its proof to that theory and a jury instruction permitting conviction upon a theory of recklessness is reversible error). The change in focus came as a complete surprise to appellant. It came after the presentation of evidence had been completed and, therefore, at a time when neither appellant nor the Commonwealth could present evidence or argue facts to assist the jury in determining whether a crime had been committed before appellant arrived at the motel. The jury was also permitted to speculate about such an offense without any guidance by the court. Indeed, one must necessarily ask, on what basis would the jury find guilt? There was no evidence of a knowing violation of a duty of care, protection or support which endangered the welfare of the children before they arrived at the motel. There was no evidence that appellant had been intoxicated or under the influence of alcohol so as to be unable to operate a motor vehicle safely. Neither his prior consumption of beer nor the fact that he became sleepy was an adequate basis upon which to base a conviction for violating Section 4304. The prosecution did not contend and the evidence did not prove that appellant's conduct while driving the car to the motel had constituted a knowing endangerment of the children's welfare by failing to provide for their care, protection or

432

support while they were passengers in his car. To allow the jury to so find was error. A new trial, therefore, is necessary.

Reversed and remanded for a new trial. Jurisdiction is not retained.