501 A.2d 689

**COMMONWEALTH of Pennsylvania**

v.

**Joyce LOGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1985.

Filed Dec. 13, 1985.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com.

Before BROSKY, ROWLEY, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, imposed January 30, 1985. Appellant was convicted of retail theft, theft by receiving stolen property,[1] robbery, and criminal conspiracy. She now challenges her conviction for criminal conspiracy claiming insufficiency of evidence and violation of due process. We agree that appellant was improperly convicted of conspiracy and vacate her sentence as to this charge.

The criminal complaint filed against appellant alleged that appellant acted "in concert with Lewis Terry" in perpetration of the offenses cited. On June 21, 1984, appellant and Mr. Terry were in the women's sportswear department of Ports of the World store in Philadelphia. A store detective saw appellant conceal two dresses and leave the store with Mr. Terry. The detective followed, identified himself as a security officer and requested that the pair return to the store because of their failure to pay for the goods. As appellant began to walk away, the detective grabbed her. Terry shoved the detective, yelled "leave my wife alone," and threatened the detective with a knife. Terry entered the driver's side and appellant the passenger's side of a vehicle occupied by Theodore Scott. The detective tried to pull appellant from the vehicle, but was unable to do so because Mr. Scott had his arms around appellant. Upon the arrival of police, appellant and Mr. Terry were arrested and charged. Mr. Scott, who was present, was neither arrested

1. On the day of sentencing, the lower court granted appellant's motion in arrest of judgment as to the theft by receiving stolen property. All other post verdict motions were denied.

nor charged. Mr. Terry, appellant's husband, was tried with her, but was acquitted of conspiracy.

■■■ Appellant argues that since the criminal complaint only mentions her involvement with Terry, the criminal information cannot expand the charges against her to include a conspiracy with Mr. Scott. We have addressed a similar argument in *Commonwealth v. Thomas,* 278 Pa.Super. 39, 419 A.2d 1344 (1980). In that case, the complaint erroneously named an individual as co-conspirator. Over the objection of defense counsel, Commonwealth was permitted to amend the complaint at the preliminary hearing. We held that:

> an outright substitution of a named co-conspirator in a complaint constitutes 'a different set of events' and could require 'materially different defenses' of the accused. A charge of conspiracy with one (person) to commit certain offenses must necessarily embrace a unique factual setting which is radically altered when the Commonwealth seeks to charge that appellant conspired with (a second person) and not (the first).

*Id.*, 278 Pa.Superior Ct. at 48, 419 A.2d at 1349; *Commonwealth v. McIntosh,* 328 Pa.Super. 255, 476 A.2d 1316 (1984).

This provision must apply to the present case. When appellant was charged only as a conspirator with Lewis Terry, it would be improper to infer a conspiratorial relationship with Theodore Scott for which she could be held criminally liable. Although a crime formally charged in an information need not be precisely the same as the offense stated in the complaint, it must nevertheless be substantially the same as or cognate to the offense charged in the criminal complaint, since a defendant cannot be required to answer a charge different from or unrelated to the one for which he was arrested and held to bail. Pa.R.Crim.P. 225(b)(5); *Commonwealth v. Taylor,* 324 Pa.Super. 420, 471 A.2d 1228 (1984). Finding appellant guilty of conspiracy with Mr. Scott, as the lower court opinion suggests, is finding her guilty of a separate offense, noncognate to the

one charged in the complaint. The fact that the criminal information employs boilerplate language and charges conspiracy with certain "unknown" persons does not allow substitution of Mr. Scott as a co-conspirator.

Judgment of sentence vacated as to the charge of conspiracy; jurisdiction relinquished.

ROWLEY, J., concurs in the result.