J-S22001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK RAYMOND ELLIOT | |
| Appellant | No. 627 WDA 2012 |

Appeal from the Judgment of Sentence March 14, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0014878-2010

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 19, 2015**

Appellant, Derrick Raymond Elliot, seeks review of the judgment of sentence entered by the Allegheny Country Court of Common Pleas after a bench trial and challenges the sufficiency of the evidence supporting his convictions for third-degree murder[1] and firearms not to be carried without a license.[2]  We affirm.

On March 7, 2009, Melvin Duncan, Jr., Tezjuan Taylor, and Lamar Patrick drove to the Crawford Village in McKeesport in a stolen red Honda

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502.

[2] Pa.C.S.A. § 6106.

car, and stopped the vehicle near a basketball court.[3] Patrick was in the driver's seat, Taylor was in the front passenger seat, and Duncan was in the back seat standing up through the sunroof. Elliot was in the nearby basketball court. When he saw the red car, he picked up a gun and, while walking in the parking lot adjoining the court, began firing shots at the car. One of the bullets struck Duncan, and he fell back into the car as Patrick drove away quickly. He stopped the car on a dead end street, where he and Taylor pulled Duncan out of the car and placed him on the ground before fleeing on foot. The City of McKeesport Police Department later received a call reporting that a stolen car had been located. When the police responded to the location, they found Duncan lying beside the passenger side of the vehicle. He was pronounced dead shortly thereafter.

Allegheny County police investigators responded to the scene of the Crawford Village shooting. The police recovered seven shell casings from the parking lot adjacent to the basketball courts; testing revealed that they had all been fired from the same gun. The police did not recover the weapon. The caliber of shell casings found at Crawford Village was the same as the caliber of the casing removed from Duncan's body.

_____

[3] Patrick, Taylor and Duncan were members of the "Goon Squad," a gang from the "top of McKeesport" area of McKeesport. A rival gang operated out of Crawford Village.

Several witnesses identified Elliot as the shooter. Jameelah Miller, an eyewitness, told police that when the shooting started, everyone hit the ground—except Elliot who remained standing with a gun in his hand, shooting toward the car. Derrick Walker told police that Elliot had confessed to him that he had shot at the car. Patrick identified Elliot in a photo array as someone who "jumped out at him," and told investigators that the shooter's name was "Derrick." Trial Court Opinion, dated 9/3/14, at 6. Elliot was arrested and charged with the aforementioned crimes.

At Elliot's trial, Patrick and Walker withdrew their prior statements made to police. Patrick testified that he had never positively identified Elliot from the photo array as the shooter and stated that Elliot was not the shooter. Taylor testified that he did not see the shooter, did not know Elliot, and did not see Elliot at the scene of the crime. Walker testified that he did not have a conversation with Walker. The court admitted Patrick's prior statement, as well as a video of Walker's interview with investigating officers in which Walker told officers that Elliot had told him that he was the shooter. Jameelah Miller testified in detail about the circumstances leading up to and including the shooting. She also stated that she did not hear gunshots coming from anywhere else in the area and "[s]he was emphatic that there was only one person shooting, and that the shooter was Derrick Elliot, the Defendant." *Id*. at 6-7. She also testified that threats had been made against her prior to trial and she had been placed in a witness protection program.

- 3 -

The court found Elliot guilty of third-degree murder and the firearms offense. He was subsequently sentenced to a term of 12½ to 25 years' incarceration for the homicide conviction and to a consecutive term of 3½ to 7 years' incarceration for the firearms conviction. Elliot timely appealed to this Court. He raises the following issue:

> Did the trial court err in finding the evidence sufficient to sustain a finding of guilty on the charges of third degree murder and firearms not to be carried without a license?

Appellant's Brief, at 2.

In reviewing a challenge to the sufficiency of the evidence, "[w]e must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Cooper**, 941 A.2d 655, 662 (Pa. 2007). Our scope of review is plenary. **See Commonwealth v. Weston**, 749 A.2d 458, 460 n.8 (Pa. 2000). We may not weigh the evidence and substitute our judgment for the fact-finder's, as the fact-finder solely determines the credibility of witnesses and is free to believe all, part or none of the evidence submitted. **See Cooper**, 941 A.2d at 662. The Commonwealth may sustain its burden of proving every element of an offense by means of wholly circumstantial evidence. **See Commonwealth v. Garland**, 63 A.3d 339, 345 (Pa. Super. 2013).

Murder in the third degree is an unlawful killing with malice but without the specific intent to kill. **See** 18 Pa.C.S.A. § 2502(c). **See also Commonwealth v. Santos**, 876 A.2d 360, 363–64 (Pa. 2005); **Commonwealth v. Dunphy**, 20 A.3d 1215, 1219 (Pa. Super. 2011). Malice is defined as:

> wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured[.] Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury. Malice may be inferred by considering the totality of the circumstances.

**Id**. (citations omitted).

Elliot relies solely on testimony provided at trial by Patrick and Taylor before concluding that the trial court erred in relying only upon the testimony of one witness to find him guilty of third-degree murder. **See** Appellant's Brief, at 9. But this is not a challenge to the sufficiency of the evidence. It is a challenge to its weight. **See**, **e.g.**, **Commonwealth v. Ferguson**, 107 A.3d 206, 212-13 (Pa.Super. 2015). This is a claim not raised on appeal. Accordingly, we find it waived. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

With respect to the firearms offense, the trial court observed:

> This court also found the Defendant guilty of carrying a firearm without a license. The crime of carrying a firearm without a license is set forth in 18 Pa.C.S. § 6101(a), which states: ["]Any person who carries a firearm in any vehicle or any person who

- 5 -

carries a firearm on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this Chapter commits a felony of the third degree. … In order to convict a defendant for carrying a firearm without a license, the Commonwealth must prove: "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." **Com[monwealth] v. Parker**, 847 A.2d 745, 750 (Pa.Super. 2004).

In this case, a firearm was never recovered, and the murder weapon was not found in the Defendant's possession. However, this court found, based on the credible testimony of Jameelah Miller, that the Defendant had possessed a firearm at the time of the shooting. Although this court relied on circumstantial evidence when it found the Defendant guilty on this count, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. **Com[monwealth] v. Baker**, 72 A.3d 652, 658 (Pa.Super. 2013). Here, the Commonwealth sought to prove that the Defendant had constructive possession of a weapon, as a gun was never found on the Defendant or recovered at or near the crime scene. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not, and it may be established by the totality of the circumstances. **Parker**, **supra** at 750. The direct, eyewitness testimony of [Ms.] Miller was strong circumstantial evidence of the Defendant's possession of the gun.

The remaining elements of this charge were easily proven. Detective Patrick Kinavey testified and provided documentary evidence that the Defendant was not licensed to possess a firearm. Additionally, this shooting occurred while the Defendant was located in a basketball court and a parking lot. Clearly, neither of these locations would qualify as the Defendant's home or place of business. There was ample evidence presented at trial to justify this court's conviction of the Defendant on the charge of carrying a firearm without a license.

Trial Court Opinion at 10-11.

Elliot block-quotes the above excerpt from the trial court's Rule 1925(a) opinion before stating that because no gun was found, the circumstantial evidence "is not of the quality nor quantity which should give the fact finder comfort in supporting its finding." Appellant's Brief, at 12. That is the sum and substance of his discussion. He then provides citations to case law pertaining to the weight of the evidence and concludes, "the [c]ourt's verdict is unsupported by competent evidence." *Id*. at 13.

Elliot provides no citation to *relevant* authority and no *analysis* of the record evidence to support his conclusion.[4] We find this claim waived. ***See***, ***e.g.***, ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014); Pa.R.A.P. 2119(a).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Lazarus joins in the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2015

---

[4] For an explanation of the difference between weight and sufficiency of the evidence claims we direct the reader to ***Commonwealth v. Taylor***, 471 A.2d 1228, 1229-1230 (Pa. Super. 1984).