J-S15010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL JONES, | |
| Appellant | No. 2423 EDA 2012 |

Appeal from the Judgment of Sentence Entered July 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016321-2008

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 03, 2016**

Appellant, Darryl Jones, appeals *pro se* from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, followed by 53 years' probation, imposed after he was convicted of several counts of armed robbery and related offenses.  Appellant raises various claims, including a challenge to the legality of mandatory minimum sentences imposed pursuant to 42 Pa.C.S. § 9712.   After careful review, we affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

At approximately 6:30 p.m. on November 2, 2008, Appellant committed an armed robbery of Patricia Cassidy and her boyfriend, Chris

_____

[*] Retired Senior Judge assigned to the Superior Court.

Gaglione, taking both victims' wallets. N.T. Trial, 1/27/11, at 110-112, 113, 115. Several hours later, at around 10:35 p.m., Appellant committed another armed robbery of brothers Christian and Michael Pekula, taking both men's wallets and Christian's cell phone. *Id.* at 70, 75-76. After the robbery, Christian Pekula called the police and provided a description of Appellant. *Id.* at 82, 85.

Around midnight, two Philadelphia Police Officers, who were patrolling in the area, spotted Appellant and believed he matched the description of the armed robber. As the officers drove their marked police car past Appellant, one of the officers observed Appellant discard something that "appeared to be a firearm…." *Id.* at 147. The officers stopped and exited their vehicle, and as one officer went to secure the weapon, the other officer approached Appellant and asked for identification. *Id.* at 148. Appellant pulled out a wallet and the officer "noticed a bunch of IDs … for white males." *Id.* Appellant, a black man, could not explain why he had identification cards for white males. *Id.*

At that point, the officer "went to secure [Appellant] … for the investigation, because of the firearm on the ground and the IDs," and Appellant "began swinging at [the officer]." *Id.* Both officers ultimately forced Appellant to the ground and placed him under arrest. *Id.* at 149. Shortly thereafter, Christian Pekula was brought to the scene of Appellant's arrest and Pekula immediately identified Appellant as the man who had robbed him. *Id.* at 83. Due to cuts on Appellant's face that he sustained

when he resisted arrest, he was transported to the hospital, where Patricia Cassidy also positively identified Appellant. *Id.* at 117. Additionally, at trial, Christian Pekula, Patricia Cassidy, and Chris Gaglione all identified Appellant as the individual who robbed them at gunpoint. *Id.* at 70, 110-111, 131.

On September 29, 2011, at the close of his jury trial, Appellant was convicted of, *inter alia*, four counts of robbery, one count of unlawful possession of a firearm, and one count of possessing an instrument of crime.[1] On July 20, 2012, Appellant was sentenced to an aggregate term of 25 to 50 years' incarceration, which included three mandatory minimum terms of 5 years' incarceration pursuant to 42 Pa.C.S. § 9712 (Sentences for offenses committed with firearms). The court also imposed an aggregate term of 53 years' probation, to be served consecutively to Appellant's sentence of incarceration.

While Appellant filed a timely notice of appeal on August 14, 2012, the following, complicated procedural history resulted in this Court only now addressing the merits of his appellate issues. First, in response to the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Appellant's counsel timely filed a Rule 1925(c)(4)

---

[1] Appellant was also charged with two more armed robberies that had occurred in close proximity to the robberies discussed *supra*. The victims in those two incidents, Bernard Talmadge and Laura Dillingham, testified at Appellant's trial; however, the jury found Appellant not guilty of those offenses.

statement of his intent to file a petition to withdraw and an **Anders** brief.[2] However, counsel did not file a petition to withdraw with this Court; instead, on January 14, 2013, Appellant filed with this Court a *pro se* "Motion to Remove Counsel." On February 4, 2013, this Court issued a *per curiam* order remanding Appellant's case to the trial court for "an on-the-record determination as to whether [] Appellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)…." Order, 2/4/13. The trial court's docket indicates that a **Grazier** hearing was conducted, and the court granted Appellant's request to proceed *pro se* on appeal on March 21, 2013.

Then, on August 5, 2013, Appellant filed with this Court a *pro se* "Application for Order of Transcripts and Records." In response, this Court issued another *per curiam* order, again remanding Appellant's case for the trial court to provide Appellant with all the transcripts and documents pertinent to his appellate issues. **See** Order, 9/3/13. However, the trial court failed to comply with our order and, consequently, on January 28, 2014, we issued a second order directing the trial court to provide the necessary documents and transcripts to Appellant. **See** Order, 1/28/14. Apparently, the trial court has now complied with our January 28, 2014 order.

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

On April 25, 2014, Appellant filed another *pro se* petition for remand with this Court, asking us to direct the trial court to permit him to file a supplemental Rule 1925(b) statement. On May 21, 2014, we issued another *per curiam* order remanding Appellant's case for the filing of a supplemental Rule 1925(b) statement, as well as a supplemental Rule 1925(a) opinion by the trial court. Appellant filed his *pro se*, supplemental Rule 1925(b) statement on July 7, 2014.[3] Therein, he raised 24 issues. The trial court issued a responsive opinion on January 20, 2015. Appellant's claims are now ripe for our review.

In his *pro se* brief, Appellant sets forth the same 24 issues he presented in his supplemental Rule 1925(b) statement. However, in the argument portion of his brief, he only addresses the following four claims:

I. The denial of Appellant's motion to suppress evidence was not appropriate[.]

II. The evidence was insufficient to support [Appellant's] conviction for robbery.

II. There was insufficient probable cause to arrest [Appellant].

_____

[3] Appellant also filed a "Second Supplemental" Rule 1925(b) statement on November 11, 2014, raising an additional 12 claims, many of which asserted that trial counsel acted ineffectively. In its opinion, the trial court does not address the issues raised in this 'second supplemental' Rule 1925(b) statement, presumably because Appellant had not requested, or been granted, permission to file it. On appeal, the issues raised in Appellant's brief are the same as those set forth in his July 7, 2014 'supplemental statement,' and he does not challenge the trial court's failure to address the issues presented in his November 11, 2014 concise statement.

> IV. The imposition of [Appellant's] mandatory sentences was illegal under the laws of Pennsylvania.

Appellant's Brief at 15, 28, 34, 37.

In Appellant's first and third issues, he alleges that the trial court erred by denying his pretrial motion to suppress because "the police had no probable cause [or] reasonable suspicion that he had been involed [*sic*] in a criminal offense to justify an investigative detention, much less probable cause to justify an arrest, as well as [the search was] not made pursuant to a warrant or consent." Appellant's Brief at 15. Appellant also devotes a large portion of the argument in his first issue to contending that his stop was illegal because he did not match the physical descriptions provided by Christian Pekula and Patricia Cassidy.

Appellant did not present either of these claims in his Rule 1925(b) statements and, consequently, these arguments are waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[4]

_____

[4] We acknowledge that, in Appellant's supplemental Rule 1925(b) statement, he did refer to the lack of probable cause to support his arrest, but framed that claim as a challenge to trial counsel's ineffectiveness. **See** Supplemental Rule 1925(b) Statement, 7/7/14, at 8 ("Trial counsel was ineffective for failing to challenge the arrest of the appellant without probable cause."). In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in

*(Footnote Continued Next Page)*

However, within Appellant's first issue, he also maintains that Pekula's and Cassidy's out-of-court identifications should have been suppressed because they were made in unduly suggestive circumstances. While this claim was preserved in Appellant's supplemental Rule 1925(b) statement, the Commonwealth correctly points out that in his pretrial suppression motion, Appellant sought to suppress only the identification of Christian Pekula; he did not move to suppress the identification made by Patricia Cassidy. Accordingly, Appellant has only preserved his challenge to the admission of Pekula's out-of-court identification.[5] *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

> "Our standard of review of a denial of suppression is
> whether the record supports the trial court's factual findings and
> whether the legal conclusions drawn therefrom are free from

_(Footnote Continued)_ ───────────

the instant case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

[5] In any event, we note that Appellant only briefly implies that the circumstances surrounding Cassidy's out-of-court identification were unduly suggestive because she identified Appellant while he was hospitalized and had bandages on his face. *See* Appellant's Brief at 28. Appellant does not explain how his face being bandaged, or the fact that he was in the hospital, unjustifiably alluded to his guilt. He also does not provide any legal authority to support such a suggestion. Accordingly, even if Appellant had preserved his challenge to Cassidy's identification, we would find his undeveloped argument meritless.

error." ***Commonwealth v. McClease****,* 750 A.2d 320, 323 (Pa. Super. 2000). Our scope of review is limited; we may consider "only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. Maxon****,* 798 A.2d 761, 765 (Pa. Super. 2002). "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts." ***McClease****,* 750 A.2d at 323-24 (quoting ***In the Interest of D.M.****,* 560 Pa. 166, 743 A.2d 422, 424 (1999))[;] ***Commonwealth v. Reppert****,* 814 A.2d 1196, 1200 (Pa. Super. 2002) (*en banc*). This is the standard of review we have applied in appeals challenging the denials of motions to suppress identification testimony. ***See, e.g., McElrath v. Commonwealth****,* 405 Pa. Super. 431, 592 A.2d 740, 742 (1991).

> "In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable." ***McElrath v. Commonwealth****,* 405 Pa. Super. 431, 592 A.2d 740, 742 (1991). The purpose of a "one on one" identification is to enhance reliability by reducing the time elapsed after the commission of the crime. ***Commonwealth v. Bullock****,* 259 Pa. Super. 467, 393 A.2d 921 (1978). "Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors." ***McElrath****,* 592 A.2d at 742. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: "the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation." ***McElrath****,* 592 A.2d at 743 (citation omitted). The corrupting effect of the suggestive identification, if any, must be weighed against these factors. ***Commonwealth v. Sample****,* 321 Pa. Super. 457, 468 A.2d 799 (1983). Absent some special element of unfairness, a prompt "one on one" identification is not so suggestive as to give rise to an irreparable likelihood of

- 8 -

misidentification. ***Commonwealth v. Brown****,* 417 Pa. Super. 165, 611 A.2d 1318 (1992).

> ***Commonwealth v. Meachum****,* 711 A.2d 1029, 1034 (Pa. Super. 1998), *appeal denied,* 556 Pa. 689, 727 A.2d 1119 (1998).

***Commonwealth v. Moye***, 836 A.2d 973, 976 (Pa. Super. 2003).

Here, Appellant acknowledges that Pekula's identification was made just over two hours after the robbery. ***See*** Appellant's Brief at 24-25. He also admits that Pekula "immediately identified [Appellant] as his assailant…." ***Id.*** at 25 (citation to the record omitted). Appellant contends, however, that at the time Pekula identified him, Appellant "had sustained severe injuries to the left side of his face and eye, and was therefore[] identified on the basis [that] he was black [and] sitting in the back of a police cruiser." ***Id.*** at 24.

Preliminarily, Appellant's claim that Pekula identified him while he was sitting in the back of the police car is inaccurate. At the suppression hearing on April 20, 2011, Philadelphia Police Officer Frederick Repetsky, who transported Pekula to the location where he identified Appellant, stated that at the time of Pekula's identification, Appellant "was standing next to a police car on the passenger side toward the rear" of the car. N.T. Suppression Hearing, 4/20/11, at 15. Officer Repetsky testified that Appellant's hands were handcuffed behind his back, one officer was standing behind him, and several other officers were standing off to the side. ***Id.*** at 16. This Court has held that out-of-court identifications made in similar circumstances were not unduly suggestive. ***See Commonwealth v.***

*Kearney*, 92 A.3d 51, 66 (Pa. Super. 2014) (finding victim's identification was not unduly suggestive even though the appellant was handcuffed to a bench at the State Police barracks); *Commonwealth v. Armstrong*, 74 A.3d 228, 239 (Pa. Super. 2013) (holding that the identification of the defendant while he was in handcuffs was not unduly suggestive).

Additionally, even if Appellant *had* been sitting in the back of the police car, that fact, alone, would not lead us to conclude that the circumstances of Pekula's identification were unduly suggestive. *See Moye*, 836 A.2d at 977 (affirming admission of out-of-court identification made by complainants when Moye was "alone and handcuffed in a police van"); *Commonwealth v. Allen*, 429 A.2d 1113 (Pa. Super. 1981) (upholding admission of out-of-court identification, made just over an hour after the crime, and where the defendants were handcuffed in police van). In *McElrath*, this Court declared that "[a]bsent some special element of unfairness, prompt, one-on-one identification is not *per se* violative of the accused's constitutional rights, even where the accused has been returned to the scene of the crime in a police cruiser." *McElrath*, 592 A.2d at 743 (citations omitted). The only 'special element of unfairness' that we could infer from Appellant's limited argument is that the injuries to his face impacted the fairness of Pekula's identification. In this regard, Appellant claims that "his head was swollen and bleeding" due to "severe injuries to the left side of his face and eye." Appellant's Brief at 24, 33. However, Appellant does not elaborate on how the injuries were unduly suggestive, or argue that they impacted Pekula's

ability to recognize Appellant's face as that of the person who robbed him at gunpoint just over two hours earlier. Additionally, Officer Repetsky testified that while Appellant had cuts and was bleeding when Pekula identified him, his face was not swollen. N.T. Suppression Hearing, 4/20/11, at 17. Based on this record, and Appellant's minimal argument, we are not convinced that Appellant's facial injuries were so disfiguring as to constitute a 'special element of unfairness,' making the circumstances of Pekula's out-of-court identification unduly suggestive. Accordingly, the trial court did not abuse its discretion by denying Appellant's motion to suppress Pekula's identification.

In Appellant's next issue, he purports to challenge the sufficiency of the evidence to sustain his robbery conviction. Appellant does not specify to which of his four robbery convictions he is referring, or what element(s) of those offenses the Commonwealth failed to prove. Instead, Appellant simply reiterates his assertions that because Christian Pekula's and Patricia Cassidy's descriptions of the assailant did not match Appellant's physical appearance, and the circumstances surrounding their out-of-court identifications were unduly suggestive, the trial court should have suppressed those identifications. These claims are either waived, or were sufficiently addressed, *supra*.

Finally, Appellant challenges the legality of the four mandatory minimum sentences imposed pursuant to 42 Pa.C.S. § 9712, which requires the court to impose a sentence of at least five years' confinement "if the

person visibly possessed a firearm …, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense…." In **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), we held that section 9712 is unconstitutional in its entirety, in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013) (holding that any facts triggering application of a mandatory minimum sentence must be presented to the fact-finder and determined beyond a reasonable doubt), and this Court's *en banc* holding in **Commonwealth v. Newman**, 99 A.3d 86, 101-02 (Pa. Super. 2014) (*en banc*) (holding that the mandatory sentencing scheme of 42 Pa.C.S. § 9712.1 is unconstitutional in light of **Alleyne**; declining to remand for a sentencing jury to determine, beyond a reasonable doubt, whether the Commonwealth had proven the factual predicates for section 9712.1, as "it is manifestly the province of the general assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**").

Because the mandatory minimum sentencing statute under which Appellant's sentences were imposed is unconstitutional in its entirety, those sentences are illegal and must be vacated. Additionally, as our disposition upsets the trial court's overall sentencing scheme, we vacate Appellant sentence in its entirety, and remand for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) ("If our

disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.").[6]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[6] On May 12, 2015, Appellant filed with this Court an "Application for Enforcement of Order Pursuant to Pa.R.A.P. Rule 1701" (hereinafter "Application"). In the Application, and in a "Supplemental Brief" filed by Appellant on July 28, 2015, Appellant contends that "the prothonotary's office," and the Philadelphia County District Attorney's Office (D.A.), failed to adhere to this Court's orders, discussed *supra*, which directed that Appellant be provided with the transcripts and documents necessary to his appeal. Application, 5/12/15, at 1. Specifically, Appellant claims that he was not provided with the Affidavit of Probable Cause, nor the record from his unrelated civil case (which he claims the Commonwealth used during his underlying criminal trial). Appellant asks that we grant various forms of relief based on the prothonotary's and the D.A.'s failure to adhere to our order, including: (1) issuing another order to provide him with those documents, (2) holding the prothonotary's office and D.A. in "contempt of this Court's order[s,]" (3) imposing sanctions of "a monetary fine and incarceration," and (4) awarding Appellant "fees and costs." *Id.* at 3-4.

Initially, our orders did not direct the prothonotary's office or D.A. to provide any documents to Appellant; rather, we directed the trial court to do so. Moreover, even if Appellant is correct that the trial court failed to provide him with certain documents, he does not explain how/why those documents were necessary for him to present the issues addressed herein, or how their omission hampered our assessment of his claims. Accordingly, we **deny** Appellant's Application, and conclude that the claims asserted in his Supplemental Brief do not warrant relief.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2016