J-S77044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAUDIUS TAYLOR, | |
| Appellant | No. 482 MDA 2016 |

Appeal from the PCRA Order March 1, 2016
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001858-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED DECEMBER 14, 2016**

Appellant, Claudius Taylor, appeals from the order dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims that trial counsel was ineffective for failing to present character evidence at trial, to call certain witnesses, to litigate a motion to suppress, to request a jury charge, and to request sequestration of witnesses.  We affirm.

We take the relevant facts and procedural history in this case from the trial court's March 1, 2016 opinion and our review of the certified record. The charges in this matter stemmed from Appellant's assault on two women in State College, Pennsylvania after a Penn State Football game.  In the

---

[*] Retired Senior Judge assigned to the Superior Court.

early hours of the morning on October 13, 2013, Appellant was walking with his first victim, Ashley Ford, to help her locate her friend's car in a parking lot. After they left the parking lot, unable to find the car, he proceeded to attack her. Ms. Ford fought off Appellant with a bucket that she had been carrying; he took her cell phone from her and fled. Passersby who heard Ms. Ford's screaming found her and summoned the police.

Within minutes of police arriving to help Ms. Ford, they heard the screams of Appellant's second victim, Kieran Stough. Ms. Stough had been walking home from a friend's house through Fairmount Park, a few blocks from the scene of Ms. Ford's assault, when Appellant attacked her. Appellant fled after police responded to her screaming. Ms. Stough was unable to see her attacker's face because he had his hood up and it was dark in the park, but she described him to police as an African American male wearing a hoodie and red pants.

Police pursued Appellant from the park as he fled through several neighboring properties. After police apprehended Appellant, both Ms. Ford and Ms. Stough, who were seated together in a police vehicle, identified him as their assailant.

On February 26, 2014, a jury found Appellant guilty of one count each of robbery-bodily injury, robbery-physical removal of property, unlawful restraint, indecent assault, unlawful taking, receiving stolen property, and

two counts of simple assault.[1]  On May 19, 2014, the trial court sentenced Appellant to not less than thirty-eight months nor more than thirteen years of incarceration.  The court denied Appellant's post-sentence motion on October 27, 2014.  Appellant did not file a direct appeal.

On February 9, 2015, Appellant filed his first, timely counseled PCRA petition alleging ineffective assistance of counsel.  The Commonwealth filed an answer and motion to dismiss Appellant's petition on April 15, 2015.  The trial court conducted an evidentiary hearing on Appellant's petition on August 20, 2015.  Prior to receiving testimony at the hearing, the court heard argument on the Commonwealth's motion to dismiss, and granted the motion in part.[2]

At the evidentiary hearing, Appellant introduced the testimony of Janet Auber, his mother.  Janet Auber testified that, at trial, she notified trial counsel that she was willing to testify that when she picked up Appellant

_____

[1]  **_See_** 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3701(a)(1)(v), 2902(a)(1), 3126(a)(1), 3921(a), 3925(a), and 2701(a)(1) respectively.

[2] The PCRA court dismissed Appellant's claims for ineffectiveness of counsel for failure to call character witnesses where those witnesses did not provide character evidence affidavits that stated the information that would have been given in a trial.  (**_See_** N.T. Hearing, 8/20/15, at 5, 14).   It also dismissed Appellant's claim that counsel was ineffective for failing to litigate a motion to suppress the identification of one victim, (**_see id._** at 15, 27), that counsel was ineffective for failing to litigate a motion to sever the claims of the two victims, (**_see id._** at 33, 37), and that counsel was ineffective for failing to cross-examine a witness about a police report stating that the attacker was wearing yellow pants, (**_see id._** at 59, 63).

from jail, he was wearing a sweater and maroon pants, but not a hoodie sweatshirt. She further explained that she brought the clothing to trial in a bag. (*See* N.T. Hearing, 8/20/15, at 76-77).

Next, Appellant introduced the testimony of Christine Brown-Auber, his aunt, who was also willing to testify about the clothing that Appellant was wearing when picked up from jail, and who also testified that she brought the clothing to trial in a bag. (*See id.* at 83). Christine Brown-Auber also stated that she asked trial counsel about testifying as a character witness, and that had she been called, she would have testified that Appellant had a reputation for being peaceable and law-abiding. (*See id.* at 84-85).

Appellant also introduced the testimony of Claudette Taylor, his sister, who stated that she was willing to testify as a character witness, and if called, would have testified that he had a reputation as being peaceful and law-abiding. (*See id.* at 105).

Finally, Appellant testified on his own behalf, and explained that he told trial counsel that he had a number of available people, including Christine Brown-Auber and Claudette Taylor, who were willing to testify on his behalf. (*See id.* at 118). Appellant further testified that while at jail, his clothing was inventoried and he was given an itemized property receipt for that clothing, which did not reflect a hoodie sweatshirt. (*See id.* at 119).

Thereafter, the Commonwealth called trial counsel, Attorney Tami Fees. She testified that, with regard to character witnesses, she did plan to call witnesses, including either the Governor of Maryland or Mayor of

Baltimore, but they were unavailable for trial. (*See id.* at 159). Trial counsel testified that she was unaware that Christine Brown-Auber wanted to be a character witness, and regardless would not have called her because "family is probably one of the worst to use as character witnesses based upon the fact that the jury will look to the bias[.]" (*Id.* at 160). Counsel also testified that she was unaware that Claudette Taylor was willing to testify as a character witness. (*See id.* at 163-64).

With regard to clothing, trial counsel testified that she did not recall that she ever saw the property report from the prison, but did recall Claudette Taylor asking her during trial about introducing evidence about the hoodie. Counsel explained that she asked Appellant during his testimony what he was wearing, and attempted to get it in through cross-examination of police officers. (*See id.* at 123-25). She conceded that if she had been given the clothing, and it was still in the property bag, she absolutely would have used it because it would have corroborated Appellant's testimony about what he was wearing. However, she did not believe that clothing in general had anything to do with the verdict decision. (*See id.* at 126).

Trial counsel further testified that she did not request a *Kloiber*[3] jury charge, or litigate a motion to suppress the identification of Ms. Stough

_____

[3] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954), *cert. denied*, 348 U.S. 875 (1954) (holding that jury instruction that identification should be viewed with caution is appropriate where eyewitness did not have a clear
*(Footnote Continued Next Page)*

because she thought that her testimony—she did not see his face and only identified his clothing—would be helpful to Appellant given that there were many different descriptions of his clothing. (**See id.** at 190). Counsel further explained that she did not request a **Kloiber** instruction because, at the preliminary hearing, Ms. Stough identified Appellant in person and described the correct clothing that he was wearing, and during trial she did the same thing, thus she did not change her testimony. (**See id.** at 191-94).

On March 1, 2016, the PCRA court issued an Opinion and Order denying Appellant's PCRA petition. This timely appeal followed.[4]

Appellant raises five issues on appeal.

1. Whether Appellant's trial counsel was ineffective for failure to present character evidence at trial?

2. Whether Appellant's trial counsel was ineffective for not calling Janet Auber and Christine Brown-Auber, who would have testified that when [Appellant] made bail and they subsequently picked him up from the Centre County jail, he was not wearing a hoody, as alleged by the [c]omplainants Kieran Stough and Ashley Ford, but a long sleeved grey sweater with a navy blue shirt underneath it, which the witnesses brought to Appellant's

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

opportunity to view defendant, equivocated on identification of defendant, or had difficult making identification in past).

[4] Appellant filed his concise statement of errors complained of on appeal on March 23, 2016. **See** Pa.R.A.P. 1925(b). The court entered an opinion on March 31, 2016, in which it explained that its Opinion and Order of March 1, 2016, adequately addressed the matters raised on appeal. **See** Pa.R.A.P. 1925(a).

trial and made available to Appellant's trial counsel, who refused to introduce the evidence to the jury?

3. Whether Appellant's trial counsel was ineffective for failure to litigate motion to suppress the out of court identification of Appellant, by the [c]omplainaint [sic], Kieran Stough, where Ms. Stough did not see the face of her assailant during the assault, because the perpetrator's face was covered by a hood, and her identification of Appellant was based solely on a unduly suggestive post-incident identification?

4. Whether Appellant's trial counsel was ineffective for failure to request **Kloiber** [j]ury [c]harge, where the [c]omplainant, Kieran Stough, testified that she was unable to see the face of her attacker, because his face was covered by a hood and the assault occurred in a very dark area of public park, which had no overhead lights?

5. Whether Appellant's trial counsel was ineffective for failure to request sequestration, where the absence of sequestration resulted in multiple instances of witnesses tailoring their testimony after hearing the testimony of prior witnesses?

(Appellant's Brief, at 29-30).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012).

To prevail on a petition for PCRA relief on grounds of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence:

(2) That the conviction or sentence resulted from . . . :

\* \* \*

- 7 -

 (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(ii).

In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. Second, that counsel had no reasonable basis for his action or inaction. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. Finally, Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that but for the act or omission in question, the outcome of the proceedings would have been different. A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt of [sic] innocence could have taken place.

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007) (citations and quotation marks omitted).

In his first issue, Appellant claims that trial counsel was ineffective for failing to present character evidence, specifically the testimony of his aunt, Christine Brown-Auber, and his sister, Claudette Taylor, who were present at trial and willing to testify on his behalf. (***See*** Appellant's Brief, at 31-47). He argues that he presented an issue of arguable merit because character witness testimony would have been critical to the jury's determination of the credibility of the victims, and that trial counsel's decision not to call

character witnesses based on her prejudice toward familial witnesses was unreasonable. Finally, he argues that, based on **Commonwealth v. Weiss**, 606 A.2d 439 (Pa. 1992), and **Commonwealth v. Hull**, 982 A.2d 1020 (Pa. Super. 2009), counsel's failure to call these witnesses was so prejudicial as to have denied him a fair trial. (**See** Appellant's Brief, at 42-47). We disagree.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the **Strickland**[5] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. . . .

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108–09 (Pa. 2012) (citations omitted). To establish prejudice that denied a fair trial, an appellant must show that the witnesses' testimony would have "created a reasonable probability of a different outcome at trial." **Commonwealth v. Wantz**, 84 A.3d 324, 333 (Pa. Super. 2014) (citations omitted).

Initially, we note that the instant case is distinguishable from **Weiss** and **Hull**. In **Hull**, this Court concluded that the absence of character testimony was prejudicial because the trial strategy was that the victims made up their claims, and no one other than the victims testified about the

---

[5] **Strickland v. Washington**, 466 U.S. 668 (1984).

acts on which the charges were based, and there were no physical findings to corroborate the acts. *See Hull*, *supra* at 1023-24. In *Weiss*, our Supreme Court reasoned that, "where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility." *Weiss*, *supra* at 442. Here, however, the Commonwealth did not rely solely on the victims' testimony, but rather introduced other evidence that corroborated the victims' accounts including physical evidence from the scene, and testimony from witnesses who aided the women after their attacks. It also offered testimony from police describing Appellant's flight from officers at the scene. Appellant's reliance on *Weiss* and *Hull* is misplaced.

In the instant case, the PCRA court found that trial counsel was unaware that family members wanted to testify as character witnesses, but believed that generally family members are poor character witnesses because the jury will feel the testimony is biased. Furthermore, the court found that Appellant was unable to establish that he was denied a fair trial because of the absence of the proposed testimony of the character witnesses, and concluded that trial counsel was not ineffective for failing to call these witnesses. (*See* PCRA Court Opinion, 3/01/16, at 6).

Upon review, we conclude that the PCRA court correctly determined that Appellant's trial counsel did not render ineffective assistance by declining to call Christine Taylor or Christine Brown-Auber as character

witnesses. We agree that counsel had a reasonable basis for not introducing family members as character witnesses. Finally, we conclude that Appellant was not prejudiced by counsel's failure to call these witnesses. *See Sneed*, *supra* at 1108-09; *Wantz*, *supra* at 333. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that trial counsel was ineffective for failing to present evidence that he was not wearing a hooded sweatshirt at the time of his arrest through the testimony of his mother, Janet Auber, or his aunt, Christine Brown-Auber, who picked him up from jail. (*See* Appellant's Brief, at 48-51). Appellant has failed to support his argument with citation to pertinent authority, thus it is waived. *See* Pa.R.A.P. 2101, 2119(a)-(b). Moreover, it would not merit relief.

"Failure to call a witness is not *per se* ineffective assistance of counsel, for such a decision implicates matters of trial strategy. It is Appellant's burden to demonstrate that trial counsel had no reasonable basis for declining to call . . . a witness." *Washington*, *supra* at 599 (citations omitted).

Here, the PCRA court found that "[d]espite the clothes not being introduced during trial, [trial counsel] adequately cross-examined the Commonwealth witnesses about what [Appellant] was wearing on the night in question, and [Appellant] testified as to his exact clothing during his direct examination." (PCRA Ct. Op., at 15). Finally, the court concluded:

- 11 -

> Based on the testimony at the hearing, and assuming for the sake of argument that [trial counsel] was presented with the clothing, she would have had a reasonable basis for not presenting it due to the Commonwealth's ability to question the veracity of the evidence resulting in a low probative value. As such [Appellant] is not entitled to relief on this claim.

(*Id.* at 15-16).

After review, we conclude that the record supports the PCRA court's findings, and Appellant has not met his burden of demonstrating that counsel was ineffective for deciding not to call Janet Auber or Christine Brown-Auber as factual witnesses concerning his clothing. **See Washington**, **supra** at 594; **Phillips**, **supra** at 319. Thus we conclude that the PCRA court correctly dismissed Appellant's second claim of ineffectiveness.

In his third issue, Appellant claims that trial counsel was ineffective for failure to litigate a motion to suppress the out-of-court identification of Appellant by his second victim, Ms. Stough. (**See** Appellant's Brief, at 52-55). Specifically, he argues that, because Ms. Stough was unable to see her assailant's face during the attack, her identification was derived from an unduly suggestive post-incident identification procedure where she was in the police car with the first victim, Ms. Ford, who observed Appellant and identified him to officers. (**See id.**). We disagree.

Where an ineffectiveness claim is based on a failure to pursue suppression of evidence, "the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict

- 12 -

would have been more favorable." ***Commonwealth v. Arch***, 654 A.2d 1141, 1143 (Pa. Super. 1995) (citation omitted). Thus, we must first determine whether the out-of-court identification should have been suppressed.

> In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. ***See Commonwealth v. Sample***, 468 A.2d 799, 801 (Pa. Super. 1983). Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors. ***Id.*** at 801. As the ***Sample*** court explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. ***Id.*** The corrupting effect of the suggestive identification, if any, must be weighed against these factors. ***Id.***

***McElrath v. Commonwealth***, 592 A.2d 740, 742–43 (Pa. Super. 1991) (citation formatting provided; some citations omitted).

Here, the PCRA court found that Ms. Stough's out-of-court identification was not unduly suggestive, despite the presence of Ms. Ford in the vehicle, and Ms. Ford's identification of Appellant as her attacker in Ms. Stough's presence. It explained that

> [a]lthough Ms. Stough was not one hundred percent certain that the individual in custody was her attacker, the [PCRA c]ourt finds the similarities between Ms. Stough's prior description of the clothing the individual was wearing and that of the person chased out of the woods shortly thereafter weighs in favor of a reliable identification.

- 13 -

(PCRA Ct. Op., at 7). The court explained that it was clear that Ms. Stough never deviated from her testimony that her attacker was wearing red pants and a hoody, and that any inconsistent descriptions of clothing were police misstatements because of the confusion in the initial moments after the attack. (*See id.*). Therefore, the court concluded that Appellant "failed to prove that there was a basis to suppress Ms. Stough's identification, that [trial counsel's] strategy lacked any reasonable basis, or that but for the failure to litigate such motion, the outcome of the proceeding would have been different." (*Id.*).

Upon review, we conclude that, in the totality of the circumstances, Ms. Stough's identification was reliable, and thus any motion to suppress her identification on that basis would have been unsuccessful. *See McElrath*, *supra* at 742-43. Appellant has not shown that there was no reasonable basis for not pursuing the suppression motion. *See Arch*, *supra* at 1143. Appellant's third issue does not merit relief.

In his fourth issue, Appellant argued that counsel was ineffective for failing to request a *Kloiber* jury charge with respect to Ms. Stough's identification. (*See* Appellant's Brief, at 55-56). Specifically, he argues that, because Ms. Stough testified that she was unable to see the face of her attacker, and that she was not one hundred percent certain about her out-of-court identification, counsel should have requested a *Kloiber* charge instructing the jury that her identification should be viewed with caution. (*See id.*). We disagree.

- 14 -

"A **Kloiber** charge instructs the jury that a[n] eyewitness' identification should be viewed with caution where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." **Commonwealth v. Rollins**, 738 A.2d 435, 448 n.14 (Pa. 1999) (citing **Kloiber**, **supra** at 826–27).

Here, however, Ms. Stough did have an opportunity to observe Appellant sufficient to later identify Appellant as her attacker. (**See** PCRA Ct. Op., at 8-9). Although she did not observe her attacker's face, she was able to describe the clothing that he was wearing and that he was African American. (**See id.**); **see also Rollins**, **supra** at 448 n.14. The record is clear that Ms. Stough did not have a problem identifying Appellant or equivocate on her identification. Furthermore, on cross-examination, trial counsel addressed the quality of Ms. Stough's identification and the fact that she indicated that she was not one hundred percent certain about her identification. Thus, we conclude that a **Kloiber** instruction would not have been warranted, and trial counsel was not ineffective for failing to request one.

Furthermore, Appellant does not demonstrate actual prejudice because he failed to show a reasonable probability that the outcome of trial would have been in his favor had the court issued such instruction. **See Washington**, **supra** at 594. Therefore, we conclude that the PCRA court correctly dismissed Appellant's fourth claim.

- 15 -

In his final claim, Appellant argues that trial counsel was ineffective for failing to request sequestration of witnesses during trial. (**See** Appellant's Brief, at 57-58). We disagree.

Preliminarily, we note that Appellant has not shown actual prejudice because of the alleged failure to request sequestration, rather arguing that the interests of justice would have been better served by the witnesses being sequestered. (**See id.**). Additionally, we conclude that the PCRA court's finding—that Appellant failed to prove that trial counsel failed to request sequestration, and therefore failed to prove a claim of ineffectiveness—is supported by the record. (**See** PCRA Ct. Op., at 12). Therefore, he has failed to satisfy his burden to prove that counsel was ineffective. **See Washington**, **supra** at 594. Appellant's fifth issue does not merit relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/14/2016</u>